UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MANNING,<br><br>                         Plaintiff,<br><br>-against-<br><br>YONKERS FAMILY Y.M.C.A.; MORICE HINSON; CAROLYN MOSHA; DIRECTOR MS. HOWARD,<br><br>                         Defendants. | 18-CV-11542 (LLS)<br><br>ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1915(g) |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently detained in the Westchester County Jail, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP. *See Manning v. Westchester Cnty. Dep't of Corr.,* No. 08-CV-6788 (KMW) (S.D.N.Y. July 30, 2008) (dismissing action for failure to state a claim); *Manning v. Brown*, No. 08-CV-3998 (KMW) (S.D.N.Y. Apr. 29, 2008) (same); *Manning v. Officer Mathew*, No. 07-CV-9774 (KMW) (S.D.N.Y. June 18, 2009) (same). Because

Plaintiff is barred under § 1915(g), unless he is "under imminent danger of serious physical injury," plaintiff must pay the filing fee.

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that in March 2017, while issues with his landlord were being addressed in an ongoing landlord/tenant action in housing court, Plaintiff was locked out of his room at the Y.M.C.A. Plaintiff brings this action seeking to be able to return to his residence and seeking monetary damages for his lost personal belongings.

**NOTICE AND OPPORTUNITY TO BE HEARD**

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[2]

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[2] Plaintiff is not barred from filing a new case by prepaying the filing fee.

## CONCLUSION

The Clerk of Court is directed to assign this case to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 5, 2019
         New York, New York

                                                                  Louis L. Stanton
                                                                        U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|